**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FREDERICK JOSEPH JENNIS,

                                        Petitioner,

    - v -                                                    Civ. No. 9:03-CV-00702
                                                                    (NAM/RFT)

FRANK McCRAY,

                                        Respondent,

**APPEARANCES:**                                        **OF COUNSEL:**

FREDERICK JOSEPH JENNIS,
Petitioner, *Pro Se*
01-B-0863
Gowanda Correctional Facility
Gowanda, New York 14070-0311

HON. ELIOT SPITZER                                     SENTA B. SIUDA, ESQ.
Attorney General of State of New York                 Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT RECOMMENDATION AND ORDER[1]

        *Pro Se* Petitioner Frederick Jennis, on March 2, 2001, was convicted of burglary in the

second degree, criminal mischief in the third degree, criminal tampering in the second degree,

criminal possession of stolen property in the fifth degree, and menacing in the second degree.  Tr.

at 1106.[2]  Petitioner was sentenced to five years imprisonment on the charge of burglary in the

second degree and sentenced to concurrent sentences of imprisonment on the other offenses.  Tr.

at 1252-54.  Petitioner presently seeks a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254,

---

[1] The Petition was referred to the undersigned for a report-recommendation and order pursuant to 28 U.S.C.
§ 636(b) and N.D.N.Y.L.R. 72.4.

[2] "Tr." followed by a number refers to the page in the trial transcript.

1

on the single ground that the trial court improperly failed to instruct the jury on Petitioner's defense of justification.  Dkt. No. 1 at p. 1.  For the reasons that follow, it is recommended that the Petition be **DENIED.**

## I.  BACKGROUND

The following facts were adduced at trial.  On June 23, 2000, the Petitioner, with the purpose to condemn a home, located at 102 Mooney Avenue, Syracuse, New York, entered the home and proceeded to disconnect and remove the electric and gas meters, terminate water service, and post signs on the exterior of the house indicating it was condemned.  Tr. at 646-50, 872-80, & 886-88.  The Petitioner's actions caused damages consisting of smashed doorways, a broken sewer line, a broken water valve, missing utility meters, and a cut electrical service line, which did not previously exist.  *Id.*, *see also* Tr. at 604-07.

Petitioner testified that the house next door to his, 102 Mooney Avenue, was inhabited by drug dealers.  Tr. at  845-46.  Petitioner previously sent numerous letters and neighborhood petitions to local government officials and police agencies, and made numerous calls to the police in an attempt to have the home condemned.  Tr. at 847, 858-63.  Disgusted with the unsuccessful results of these attempts, Petitioner decided to condemn the property himself to "safeguard [his own] property."  Tr. at 866-70.  On June 23, 2000, shortly after Petitioner completed his attempts to condemn the house, a resident of 102 Mooney Avenue called the police.  Tr. at 218.  Two police officers arrived and found Petitioner holding an axe.  Tr. at 221.[3]

At the conclusion of the testimony, Petitioner asked the trial court to instruct the jury on

---

[3] Petitioner did not comply with the officers' request to drop the axe and thus was shot by one of the officers.  Tr. at 221-24.

the defense of justification.  Tr. at  943-44.  The judge did not give the requested charge, and, on

March 2, 2001, the jury convicted Petitioner of burglary in the second degree, criminal mischief

in the third degree, criminal tampering in the second degree, criminal possession of stolen

property in the fifth degree, and menacing in the second degree.  Tr. at 1106.  Judgment was

affirmed on appeal by the New York Supreme Court, Appellate Division, Fourth Department

*People v. Jennis,* 750 N.Y.S.2d 381 (4th Dep't 2002).  Leave to the New York Court of Appeals

was denied on January 31, 2003.  *People v. Jennis,* 99 N.Y.2d 501 (2002).  This Petition

followed.

## II.  DISCUSSION

### A. Standard of Review

When conducting *habeas review*, a federal court is limited to "deciding whether a

conviction violated the Constitution, laws, or treaties of the United States."  *Davis v. Strack*, 270

F.3d 111, 123 (2d Cir. 2001).  An application for a writ of *habeas corpus* by a state prisoner

regarding a state court conviction may not be granted by a federal court unless the state court

adjudicated the merits of the claim and such adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In order to obtain a writ of *habeas corpus* in federal court for an error in a state court's jury

instructions, a petitioner must "not only show that the instruction misstated state law but that the

error violated a right guaranteed to him by federal law."  *Davis*, 270 F.3d at 123 (citations

omitted). Thus, when a state court erroneously fails to give a justification charge, a federal court will only grant *habeas* relief if such failure was "sufficiently harmful to make the conviction unfair." *Id*. at 123-124 ("The question is not whether the trial court gave a faulty instruction, but rather 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process'") (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

A federal court may not grant *habeas* relief for a "mere error of state law," such as a state court's failure to charge a jury with justification. *Id*. at 123. This does not mean, however, that errors under state law could not result in cognizable violations of a constitutional right to due process. Indeed, whether there has been an actual error of state law, in that a petitioner was "erroneously deprived of a jury instruction to which he was entitled under state law," is the first step in determining whether such error violated the petitioner's constitutional rights. *Id*. "Accordingly, courts have granted habeas relief for a failure to charge justification where the evidence supported a justification charge under state law and where the erroneous failure to give such a charge was sufficiently harmful to make the conviction unfair." *Id*. at 123-24 (citations omitted). When making such determinations, a federal court must defer to the state courts' interpretation of state law, so long as such interpretations are themselves constitutional. *Id*. at 124 n.4 (citations omitted). Thus, as the Second Circuit succinctly noted, "our role here is not to interpret New York's law of justification, but to determine whether the evidence was sufficient to warrant a justification charge under the law."[4] *Id*. at 124.

---

[4] In *Davis*, the Second Circuit explained that the relief sought by the Petitioner could not be granted lest three questions were resolved in his favor, namely:

> First, was the justification charge required as a matter of New York state law? Second, if so, did the failure to give the requested charge violate the standard set out in *Cupp* [*v. Naughten*, 414 U.S. 141 (1973)]. Third, if so, was the state court's failure of such a nature that it is remediable by habeas corpus, given the limitations prescribed by 28 U.S.C. § 2254?                    cont. . . .

### B.  Justification in New York

Petitioner maintains that the evidence presented at trial supports his request for a justification instruction on the charges of burglary and criminal mischief, and that the trial court's failure to give such instruction requires reversal of Petitioner's conviction.

Use of physical force is justifiable and not criminal when,

> [s]uch conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to the ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense at issue.

N.Y. PENAL LAW § 35.05

Further, when evidence relating to the defense of justification is offered by a state criminal defendant, "the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute [the] defense."  N.Y. PENAL LAW § 35.05.  Thus, the trial court must preliminarily rule upon the "admissibility of such evidence and exclude proof that does not or would not constitute a valid defense if the asserted facts are accepted as true."  35 N.Y. JUR. 2d Criminal Law § 3468; *see also People v. Craig*, 78 N.Y.2d 616, 623 (1991) (stating that a court, as a threshold legal question, must decide whether the defense will lie).  When considering whether a trial court properly concluded not to charge a jury with the defense of justification, "the record must be considered in the light most favorable to the accused, [however] a court need not charge justification if no reasonable view of the evidence establishes the elements of the

---

. . . cont.

*Davis v. Strack*, 270 F.3d at 124.

As will be explained further, *habeas* relief is not appropriate in the instant case since we cannot resolve the first question in Petitioner's favor in that the evidence did not warrant the justification instruction under New York state law.  As such, there is no need to address the other two questions set forth by the Second Circuit.

defense." *People v. Reynoso*, 73 N.Y.2d 816, 818 (1988).

The defense of justification is fundamentally a balancing test used to determine whether a criminal act was committed in order to prevent a greater harm. *People v. Gray*, 571 N.Y.S.2d 851, 853 (Crim. Ct. N.Y. Cty 1991). In proving this, a defendant must establish that his otherwise criminal conduct was "necessary as an emergency measure to avoid an imminent public or private injury." N.Y. PENAL LAW § 35.05; *Gray*, 571 N.Y.S.2d at 853. "The requirement that the impending injury must be imminent and about to occur denotes an impending harm which constitutes a present, immediate threat–i.e. a danger that is actual and at hand, not one that is speculative, abstract or remote." *Craig*, 78 N.Y.2d at 624.

No reasonable view of the evidence in this case can establish the defense of justification. Petitioner argues that his conviction should be reversed because the trial court improperly concluded the defense of justification was not applicable to the charge of burglary. First, as to Petitioner's burglary charge, Petitioner correctly states in his Petition that New York law allows the defense of justification to be interposed against a charge of criminal mischief, but not against a charge of burglary. *People v. Bess*, 484 N.Y.S.2d 268, 269 (3[d] Dep't 1985); *People v. Padgett*, 60 N.Y.2d 142 (1983). Even though there is no New York State Court of Appeals precedent addressing whether the defense of justification is applicable to the charge of burglary, at least two of the four Appellate Divisions in New York State maintain that a trial court is not obligated to instruct a jury that justification is a defense to burglary. *People v. Santiago*, 561 N.Y.S.2d 28, 29 (1st Dep't 1990); *Bess*, 484 N.Y.S.2d at 269. In deciding the applicability of the justification defense to burglary, the Third Department recognized parallel reasoning between a New York Court of Appeals decision, *People v. Almodovar*, 62 N.Y.2d 126, 130 (1984), which held that the

6

justification defense was not germane to a jury's consideration of a charge of criminal possession of a weapon, and the applicability of the justification defense for a charge of burglary. *See Bess*, 484 N.Y.S.2d at 269.   In *People v. Almodovar*, the New York State Court of Appeals stated that "a person either possesses a weapon lawfully or he does not and he may not avoid the criminal charge by claiming that he possessed the weapon for his protection."  62 N.Y.2d at 130.  The New York State Court of Appeals reasoned that the justification defense may excuse the use of the weapon but not the possession of it illegally.  *See id.*

The New York burglary statute reads, "[a] person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein"  N.Y. PENAL LAW § 140.25.  The Third Department, following the above cited reasoning of the New York State Court of Appeals, held that a "defendant either enter[s] or remain[s] in a building intending to commit a crime therein or lack[s] that guilty intent."  *Bess*, 484 N.Y.S.2d at 269.  Thus, if a defendant possesses no intent to commit an offense therein, he or she does not posses the requisite intent for a burglary conviction and, thus, justification is unnecessary.  *Id*.  Therefore, the Third Department concluded that a trial court is not obligated to instruct justification as a defense to a burglary charge.  *Id*.; *People v. Santiago*, 561 N.Y.S.2d at 29.[5]

Here, the trial court's determination that justification is not applicable to a charge of burglary (Tr. at 945) was correct under New York Law.  Accordingly, Petitioner's belief that his conviction should be reversed because of the trial court's failure to instruct the jury on the

_____

[5] The First Department case, *People v. Santiago*, 561 N.Y.S.2d 28 (1st Dep't 1990), primarily relied on the reasoning set forth by the Third Department in *Bess* in finding that the defense of justification is unavailable for the charge of burglary.

justification defense for the burglary charge is misplaced.

Petitioner also claims that the justification defense should have been given to the jury for his charge of criminal mischief.  Petitioner, however, failed to establish that any public or private injury was imminent, notwithstanding his trial testimony.  Petitioner testified that he attempted to have 102 Mooney condemned for various grievous reasons such as drug dealings and disruptive parties.  Tr. at 846 & 850.  Drug dealing was first observed in the early 1970s.  Tr. at 846.  Disruptive parties were held "on and off" for years.  Tr. at 850.  In fact, Petitioner testified that there have been problems at that address for over thirty years.  Tr. at 871.  Petitioner explained that throughout the past thirty years, he had written complaints to government officials, mostly in the 1980s, about the lawlessness that pervaded 102 Mooney Avenue, but with little, if any, avail.  Tr. at 853-53 & 862.  As he further testified, Jennis conceived his plan to personally condemn the property approximately one month prior to his actual entry onto the property.  Tr. at 869.

Based on such testimony, it is clear that Petitioner failed to prove that any public or private injury was at hand, as was his burden to do so if he wished to have the justification defense instruction given.  N.Y. PENAL LAW § 35.05.  At sentencing the trial court observed that, "these conditions that [Petitioner] complain[s] about in the house next door to [his] . . . were ancient history.  The most recent complaint I could fathom that anybody in [Petitioner's] neighborhood had about that house was almost twenty years ago."  Tr. at 1250.  Therefore, one cannot deduce from the record and testimony the existence of an imminent private or public injury at 102 Mooney Avenue in the months or days leading up to June 23, 2000.  Thus, the trial court was correct in ruling not to charge the jury with justification.

8

### III. CONCLUSION

As explained above, the Petitioner has failed to establish that the decision not to instruct on justification was contrary to federal law, determined by the Supreme Court, or was an unreasonable determination of the facts and the law presented in the state proceedings.

As such, it is hereby

**RECOMMENDED,** that the Petition for a Writ of *Habeas Corpus* be **DENIED;** and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by regular mail, upon parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filled with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*,984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d. 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated:  December 28, 2004
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge